UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCY LAKHANPAL, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY CONSORTIUM FOR MEDICAL EDUCATION, COUNTY OF STANISLAUS, DOCTORS MEDICAL CENTER OF MODESTO, INC., KATE KEARNS, M.D., PETER BRODERICK, M.D., ELIZABETH WHIPKEY-OLSON, M.D., AND DOES 1-10, inclusive,<br><br>Defendants. | No. 1:14–cv–01315-KJM- BAM<br><br>ORDER |

This matter is before the court on plaintiff's motion to remand this case to the Superior Court of California, County of Stanislaus. Pl.'s Mot. Remand ("Pl.'s Mot."), ECF No. 28. Defendant Valley Consortium for Medical Education opposes the motion. Def.'s Opp'n ("Opp'n"), ECF No. 35. Defendants County of Stanislaus, Kate Kearns, M.D., Peter Broderick, M.D., and Elizabeth Whipkey-Olson, M.D. have joined the opposition. ECF No. 42. The motion was submitted without argument, and the court now GRANTS the motion.

I.    PROCEDURAL BACKGROUND

Plaintiff Princy Lakhanpal, M.D., filed this action in Stanislaus County Superior Court on June 5, 2014. The original complaint asserted claims for (1) fraud – intentional

1

misrepresentation; (2) discrimination – disparate treatment; (3) discrimination – violation of 42 U.S.C. § 1981; (4) discrimination – violation of California Government Code § 12940(i); (5) discrimination – retaliation; (6) defamation; (7) violation of California Civil Code § 43; (8) tortious interference with prospective advantage; (9) intentional infliction of emotional distress; (10) negligence; (11) unfair business act or practice – California Business & Professions Code § 17200; (12) breach of contract; and (13) breach of implied covenant of good faith and fair dealing.  On August 22, 2014, defendants removed the action to this court based on federal question jurisdiction.  Notice of Removal, ECF No. 1.

On August 28, 2014, defendant Doctors Medical Center of Modesto ("DMC") filed a motion to dismiss.  ECF No. 7.  On August 29th, defendants Valley Consortium for Medical Education ("VCME") filed a motion to dismiss.  ECF No. 12. That same day, defendants Peter Broderick, M.D., County of Stanislaus, Kate Kearns, M.D., Elizabeth Whipkey-Olson, M.D. filed a motion to dismiss.  ECF No. 10.

On September 22, 2014, plaintiff filed a first amended complaint ("FAC").  ECF No. 27.  In doing so, plaintiff withdrew all of the claims arising under or claiming relief within federal law.  Specifically, plaintiff withdrew her third cause of action (discrimination under Section 1981) and eliminated references to federal law, federal jurisdiction, and federal relief for her second cause of action (discrimination – disparate treatment) and fourth cause of action (discrimination – retaliation).  Twelve causes of action arising under California state law remain.  Also on September 22nd, plaintiff filed the present motion for remand.  ECF No. 28.  On September 26, 2014, plaintiff filed her oppositions to the three motions to dismiss.  ECF Nos. 29, 30, 31.  VCME filed an opposition to plaintiff's motion for remand (ECF No. 35) which the remaining defendants, Peter Broderick, M.D. County of Stanislaus, Kate Kearns, M.D., and Elizabeth Whipkey-Olson, M.D., have joined.  ECF No. 42.

In light of the new complaint, all defendants withdrew their motions to dismiss and filed new motions, which remain pending.  ECF Nos. 39, 41, 43.

/////

/////

II.     ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Dr. Lakhanpal was a resident physician enrolled from July 2008 through June 2010 in the Stanislaus Family Medicine Resident Program ("FMRP"), predecessor to the VCME. FAC ¶ 1. VCME is the successor-in-interest to the Stanislaus FMRP, which was a partnership between Stanislaus County Health Services Agency and DMC. *Id*. ¶ 2. As successor-in-interest, VCME possesses and maintains all records associated with former residents of the FMRP, and communicates with public and private third party entities regarding the status of individual residents' academic history and performance for purposes of determining eligibility of those individuals for licenses, board certification, the pursuit of further education, or employment. *Id*.

On September 18, 2008, three months into her residency at Stanislaus FMRP, Dr. Lakhanpal met with defendant Dr. Whipkey-Olson and received positive feedback. *Id.* ¶ 14. On October 8, 2008, the FMRP House Officers Promotion and Evaluation Committee (the "Committee") met and issued a letter dated October 10, 2008, documenting Dr. Lakhanpal's "below peer performance." *Id.* ¶ 15. Dr. Lakhanpal did not receive this letter, but believes it was placed in her personnel file. *Id.* In mid-December 2008, Dr. Lakhanpal received two negative evaluations. *Id*. ¶ 16.

On or about December 16, 2008, the Committee met and noted Dr. Lakhanpal had "failed a medicine rotation." *Id.* ¶ 19. It concluded Dr. Lakhanpal met the criteria for probation and her performance on her upcoming rotations would be a factor in determining whether probation was appropriate. *Id*. Dr. Lakhanpal had no notice of this meeting or decision until receiving her personnel file on June 30, 2010. *Id.; see also id. ¶* 46.

On or about March 2, 2009, Dr. Lakhanpal met with FMRP Program Director Dr. Broderick. *Id*. ¶ 17. He informed Dr. Lakhanpal that her training as a PGY-1 (post-graduate year intern) would be extended by six months. As a result, she would not begin her training as a PGY-2 until December 2009. *Id.* Dr. Lakhanpal expressed her disagreement with the unsatisfactory evaluations that were submitted in December by the two attending physicians. *Id*. Dr. Broderick offered no other grounds for the extension of her training and offered no other

3

explanation beyond saying the additional training should not be viewed as a negative but rather as a positive. *Id.*

On or about March 3, 2009, the Committee again met to review Dr. Lakhanpal's performance through her PGY-1 year. *Id.* ¶ 20. Despite Dr. Lakhanpal's having passed all rotations and receiving all satisfactory evaluations since it last met on December 16, 2008, the Committee still found that Dr. Lakhanpal had failed a major criterion as a PGY-1 resident. *Id.* In late April 2009, Dr. Lakhanpal met with Dr. Whipkey-Olsen, who was her resident advisor. *Id.* ¶ 25. The meeting was positive and at no point did Dr. Lakhanpal or Dr. Whipkey-Olson discuss the failed rotation, any denial of academic credit, probation, the below-peer-level evaluation, or academic assistance or monitoring. *Id.*

On May 4, 2009, Dr. Broderick placed a letter of probation in Dr. Lakhanpal's personnel file. *Id.* ¶ 26. The letter indicated that Dr. Lakhanpal had been placed on probation from May 2009 through December 31, 2009. *Id.* Probation was the result of (1) a new Committee review and (2) her failing a second medicine rotation while on an Academic Assistance. *Id.* Plaintiff was not aware she had failed either medical rotation. *Id.*

On July 17, 2009, based on her satisfactory performance, Dr. Lakhanpal was offered a PGY-2 contract. *Id.* ¶ 29. Her training was to begin December 14, 2009, and would continue through December 13, 2010. *Id.* However on November 4, 2009, Dr. Broderick met with Dr. Lakhanpal to discuss his plan not to renew her contract. *Id.* ¶ 31. Dr. Lakhanpal appealed the decision to a quorum of the faculty on November 20, 2009. *Id.* ¶ 33. The quorum of the faculty sustained the non-renewal. *Id.* ¶ 34.

On March 27, 2010, Dr. Lakhanpal met with Dr. Broderick and requested that he reconsider the nonrenewal of her contract. *Id.* ¶ 42. Dr. Lakhanpal believes Dr. Broderick realized she was aware of the probation, denied appeal, and coordinated deception regarding her personnel file in order to justify the decision not to renew her contract and that he began to influence faculty and attending physicians to compile negative evaluations and complaints against Dr. Lakhanpal. *Id.* ¶ 43.

/////

1	 At the time of its closure, the Stanislaus FMRP failed to provide Dr. Lakhanpal a
2	certificate confirming her completion of PGY-1.  *Id.* ¶ 51.  The FMRP also failed to provide her
3	an official transcript of her rotations/credits.  *Id*.  Dr. Lakhanpal received only twenty-three
4	credits from the FMRP, but believes she is entitled to twenty-four.  *Id.* ¶ 49.  No reason has been
5	provided for the loss of credit.  *Id*.  Since the FMRP's closure, VCME, as successor in interest,
6	has taken over the reporting obligations and serves as custodian of records regarding Dr.
7	Lakhanpal's academic record and performance as a resident.  *Id*. ¶ 52.  Dr. Lakhanpal believes
8	VCME has contributed to the fraudulent accounting of her academic performance.  *Id*. ¶ 54.

9	III.	LEGAL STANDARD

10	 Removal of an action based on federal question jurisdiction does not constitute a
11	per se bar to remand.  Instead, where the state law claims are not dependent on the federal claims,
12	the plaintiff may withdraw the federal claims and seek remand.  As the court pointed out in
13	*Baddie v. Berkeley Farms, Inc*., 64 F.3d 487, 491 (9th Cir. 1995), "[t]he defendant is not
14	obligated to remove [the originally filed state action]; rather, he has the choice either to submit to
15	state court resolution of his claims, or to assert his right to a federal forum.  If the defendant
16	rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then
17	choose between federal claims and a state forum."  In *Baddie,* "plaintiffs . . . chose the state
18	forum [and] dismissed their federal claims and moved for remand with all due speed after
19	removal.  There was nothing manipulative about that straight-forward tactical decision. . . ."; *see*
20	*also Moyles v. Johnson Controls, Inc*., 2005 WL 1561519, at *3-4 (E.D. Cal. 2005).

21	 It is well-settled in the Ninth Circuit "'that a federal court does have the power to
22	hear claims that would not be independently removable even after the basis for removal
23	jurisdiction is dropped from the proceedings.'"  *Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir.
24	1986) (quoting *Watkins v. Grover*, 508 F.2d 920, 921 (9th Cir. 1974); *Murphy v. Kodz*, 351 F.2d
25	163, 167 (9th Cir. 1965)).  But a district court also has discretion to remand to state court a
26	removed case involving pendent claims upon a proper determination that retaining jurisdiction
27	over the case would be inappropriate.  *See Price v. PSA*, Inc., 829 F.2d 871, 876 (9th Cir. 1987);
28	*Survival Systems v. U.S. District Court*, 825 F.2d 1416, 1419 (9th Cir. 1987).  The Supreme Court

has indicated its disapproval of a district court's retention of jurisdiction and noted that "in the usual case" the balance of factors will weigh toward remanding any remaining pendent state claims to state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). The Court emphasized, in light of *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966), the district court's decision to remand remains discretionary and is dependent upon what "will best accommodate the values of economy, convenience, fairness, and comity. . . ." *Carnegie-Mellon,* 484 U.S. at 351.

IV.     DISCUSSION

Plaintiff has withdrawn the federal claims from her complaint, leaving only the claims governed by California state law. She argues neither party would be prejudiced by remand, as the parties have held only one status conference, and no discovery has commenced. Opp'n at 3. She further argues it is her right to regain control of the forum that will address her claims. *Id*. at 4.

Defendants argue that although plaintiff has withdrawn all federal claims, jurisdiction should be analyzed on the basis of pleadings filed at the time of removal. Defs.' Mot. at 2-3. Defendants also argue they would be prejudiced by remand, because they have already expended time and energy in filing motions to dismiss based on plaintiff's federal claims. *Id*. at 3. They assert plaintiff is engaging in bad faith tactics in eliminating her federal claims solely to return her case to state court. *Id*. at 4-5.

Defendants rely on *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc*., 159 F.3d 1209, 1212 (9th Cir. 1998) to support their contention plaintiff may not compel remand by amending her complaint to eliminate the federal question on which removal was based. *Sparta* is distinguishable from the matter before this court. In *Sparta,* the court found the federal claim was essential to the state law claim and plaintiff was improperly attempting to avoid federal jurisdiction. *Id*. In *Sparta,* the court observed, "[a] plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law." *Id*.; *see also Rains v. Criterion Sys., Inc*., 80 F.3d 339, 344 (9th Cir. 1996). Contrary to defendants' contention, "*Sparta* does not hold that

a court cannot remand a case that was properly removed even if the plaintiffs amend their complaint. . . ." *Santa Fe Drilling Co. v. Ins. Co. of State of Pa.*, C 05-4411 CW, 2006 WL 13090 (N.D. Cal. Jan. 3, 2006).

Defendants' argument that the court should look only to the pleadings at the time of removal to determine whether a case is suitable for remand is misplaced. They rely on case law where federal law was essential to the state law claims, or there was an independent basis for federal jurisdiction such as diversity, or addressing the perfecting of removal post-amendment. None of those issues is presented here.

Defendants do not dispute plaintiff timely filed her amended complaint. *See* FED. R. CIV. P. 15(a)(1)(B). In her amendment, plaintiff did not withdraw a substantial number of claims, or add any claims, and her state law claims do not rely on federal law. When considering the *Gibbs* factors of comity, judicial economy, convenience and fairness, the court finds these factors weigh in favor of plaintiff. This court has only pendent jurisdiction over the claims now before it. This case is in its early stages, and the court has played little part in any substantive adjudication in the case. The state court is equally competent to hear this case and more familiar with the law of its own forum. Defendants addressed plaintiff's state law claims in their motions to dismiss; they may renew these substantive arguments in state court. While defendants argue they will be prejudiced by remand because they would be required to re-brief their motions, which rely on federal law, there have no new substantive issues to brief. Defendants have not demonstrated plaintiff has acted in bad faith in her request to return to state court, nor have they shown they would be prejudiced by remand.

V.  CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is GRANTED and the case is remanded to the Stanislaus County Superior Court.

IT IS SO ORDERED.

DATED: November 10, 2014.

_____
UNITED STATES DISTRICT JUDGE